IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

JEANINE and RICK DARQUEA,

    Plaintiffs,

v.

ASSIGNED CREDIT SOLUTIONS,
a corporation, and CHRIS BRADBURY, an
individual,

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiffs, JEANINE and RICK DARQUEA ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Wellington.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, ASSIGNED CREDIT SOLUTIONS, INC. ("Defendant") or (ACS) is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. At all relevant times herein, Defendant, CHRIS BRADBURY ("Defendant Bradbury") was owner of Defendant ACS. As an officer, shareholder and/or director of Defendant ACS, Defendant Bradbury was responsible for the overall success of the company. Defendant Bradbury is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a position of critical importance to Defendant ACS's business; as the owner of Defendant ACS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant ACS's affairs and Defendant Bradbury continued to play a key role in maintaining and expanding Defendant ACS's debt collection activities throughout the time in question.

8. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14. In connection with the collection of an alleged debt, Defendants contacted Plaintiffs via telephone calls on April 18, 2011 at 3:34 P.M., April 20, 2011 at 1:09 P.M., April 22, 2011 at 9:05 A.M., April 26, 2011 at 11:19 A.M., April 29, 2011 at 8:31 A.M., and May 3, 2011 at 11:14 A.M., and in each such instance, left a voicemail message in which Defendants failed to disclose Defendants' true corporate or business name and failed to notify Plaintiffs that the communication was from a debt collector.

15. In connection with an attempt to collect an alleged debt, Defendants placed a call to Plaintiffs' home phone on April 26, 2011 at 11:14 A.M., and in such instance, Plaintiffs' caller ID read "Legal Medical", a business, company or organization name other than the true name of Defendants' business, company or organization.

16. Defendants placed non-emergency calls to Plaintiffs' cellular telephone, without the prior express consent of Plaintiffs, using an automatic telephone dialing system, including,

but not limited to: April 18, 2011 at 3:34 P.M., April 20, 2011 at 1:09 P.M., April 22, 2011 at 9:05 A.M., April 26, 2011 at 11:19 A.M., and April 29, 2011 at 8:31 A.M.

17. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

18. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17.

19. Defendants violated 15 U.S.C. § 1692d(6) by failing to disclose Defendants' true corporate or business name in a telephone call to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17.

21. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

22. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17.

23. Defendants violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

24. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17.

25. Defendants violated 15 U.S.C. § 1692e(14) by falsely using a business, company or organization name other than the true name of Defendants' business, company or organization

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(14);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

26. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17.

27. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiffs' cellular telephone, without the prior express consent of Plaintiffs, using an automatic telephone dialing system.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

28. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 27th day of June, 2011.

Respectfully submitted,
**JEANINE and RICK DARQUEA**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com